UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaBARRIAN BROWN,

    Plaintiff,

                                  Case No.12-10882

vs.                         HON. GERSHWIN A. DRAIN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (# 17), OVERRULING PLAINTIFF'S OBJECTIONS (#18), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 16), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 12), AND DISMISSING PLAINTIFF'S CLAIMS

**I.    INTRODUCTION**

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff LaBarrian Brown's claim for judicial review of defendant Commissioner of Social Security's denial of his application for disability insurance benefits. The matter was referred to Magistrate Judge R. Steven Whalen, who issued a report and recommendation on February 15, 2013, recommending that Mr. Brown's motion be denied, defendant Commissioner's motion be granted, and the Commissioner's findings and conclusions be affirmed.

-1-

**II.     PROCEDURAL AND FACTUAL HISTORY**

Mr. Brown filed an application for disability insurance benefits on July 18, 2008 alleging disability as of August 30, 1999.  After his claim was denied, Mr. Brown requested a hearing before an Administrative Law Judge ("ALJ").  On May 5, 2010, after holding a hearing on Mr. Brown's claims, ALJ John Rabaut issued a decision denying Mr. Brown's claims for benefits, finding that:

> [T]he claimant had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except the claimant could do no operation of foot controls; and no climbing of ladders, ropes, or scaffolds. The claimant could occasionally climb ramps and stairs, balance, stoop, and crouch; and do no kneeling or crawling. The claimant could do work that could be performed while using a hand-held assistive device for ambulation and on uneven terrain. The claimant had to avoid concentrated exposure to extreme cold, wetness, and humidity; and avoid all exposure to unprotected heights and hazards such as fast moving machinery. The claimant required simple, routine, and repetitive tasks performed in a work environment free of fast-paced production and involving only simple work-related decisions and few if any workplace changes.

(Tr. at 25).

The ALJ further opined that Mr. Brown, while unable to perform any past relevant work, could perform other work that exists in significant numbers in the national economy, such as surveillance system monitor (900 regional and 35,000 national jobs), general office clerk (1,700 regional and 57,000 national jobs), and interviewer (500 regional and 27,000 national jobs).  (Tr. at 29).

The Appeals Council of the Social Security Administration denied Mr. Brown's request for review of the ALJ's decision on February 2, 2012, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted).  Mr. Brown

initiated this civil action with the court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

### III.  ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Once an ALJ determines that a claimant does not possess the residual-functional capacity ("RFC") to perform his or her past relevant work, the burden shifts to the Commissioner "to show that plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy." *Varley v. Sec'y of Health and Human Servs.*, 820 F. 2d 777, 779 (6th Cir. 1987). The Commissioner may rely on a vocational expert's testimony in response to a hypothetical question to meet this burden. *Id.* "In order

for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F. 3d 504, 516 (6th Cir. 2010).

Objections to a report and recommendation are reviewed de novo. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140 (1985).

The Sixth Circuit has held that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general. *Miller*, 50 F.3d at 380. Mr. Brown's objections simply identify the discrete claims for which the magistrate judge's recommendations were adverse to him and then urged that they instead be resolved in his favor. In its order addressing Mr. Brown's objections, the Court would effectively duplicate the same tasks that the magistrate judge has already performed. "This duplication of time and effort waste judicial resources rather

than saving them, and runs contrary to the purpose of the Magistrates Act." *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Brown does not explain why Magistrate Judge Whalen's legal analysis is faulty or incorrect with regard to any particular issue. Instead, Mr. Brown regurgitates his prior arguments in his brief in support of his motion for summary judgment without explaining why the conclusion contained in the report and recommendation are erroneous with regard to any of those claims.

> Objections to an R&R are not a subsequent opportunity to reargue the merits of a case, they are an opportunity to demonstrate to this Court particular errors in the reasoning of the Magistrate Judge. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge.
>
> Therefore,[a] [plaintiff] may not simply address the same arguments that the magistrate judge considered and expect the Court to treat the filing seriously. Instead, a [plaintiff] ought to explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound. . . .

*Johnson v. Artus*, 2009 U.S. LEXIS 44839, Case No. 07 Civ. 5905, at *2-4. (S.D.N.Y. May 28, 2009) (internal citations omitted)

This Court declines to reject Magistrate Judge R. Steven Whalen's findings and conclusions without specific objections from Mr. Brown. Therefore, the Court adopts Magistrate Judge R. Steven Whalen's February 15, 2013, report and recommendation in its entirety.

## IV.     CONCLUSION

Accordingly,

Plaintiff's objections are OVERRULED.  Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge R. Steven Whalen's February 15, 2013, report and recommendation, GRANTS defendant Commissioner's motion for summary judgment, DENIES plaintiff LaBarrian Brown's motion for summary judgment and DISMISSES plaintiff's complaint with prejudice.

SO ORDERED.

Dated:  March 26, 2013

                                                S/Gershwin A. Drain
                                                GERSHWIN A. DRAIN
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 26, 2013, by electronic and/or ordinary mail.
S/Tanya Bankston
Deputy Clerk